just one of a pattern of violations for which suspension is authorized.

The choice of an authorized penalty by the administrative agency in suspending plaintiff's bonded status is an exercise of discretion. *Tempo Trucking and Transfer Corp.* v. *Dickson,* 405 F. Supp. 506, 514 (E.D.N.Y. 1975). In determining whether the decision reached by the administrative agency was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the "reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bowman Transportation, Inc.* v. *Arkansas-Best Freight System, Inc.,* 419 U.S. at 285. Plaintiff has introduced evidence that its employees are now advised that no merchandise is to be released without proof that duty has been paid or without Customs authorization, and has also alleged that it has revised its system for marking and storing its refrigerated merchandise. It was further concluded by the hearing officer that there was no evidence that plaintiff intended to defraud the government by these practices or that it directly profited from the early withdrawals. These mitigating factors appear to have been considered since they were discussed by the hearing officer and it is reasonable to conclude that they influenced his recommendation for a one year suspension as opposed to total revocation. "An agency's choice of sanction is not to be overturned unless the reviewing court determines it is unwarranted in law * * * or without justification in fact." *Kulkin* v. *Bergland,* 626 F.2d 181, 184 (1st Cir. 1980), quoting *Butz* v. *Glover Livestock Commission Co., Inc.,* 411 U.S. 182, 185–86 (1973). Based on a thorough review of the record, this Court is of the opinion that there is a basis in fact for the Regional Commissioner's decision.

CONCLUSION

There being no procedural irregularities in the agency's action, no abuse of discretion, and substantial evidence on the record to support the Regional Commissioner's decision, plaintiff's motion must be denied and judgment entered in favor of defendant.

RIO CONTRATOS DE COSTURA, S.A., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–03–00316

MEMORANDUM

(Decided December 10, 1986)

*Stein Shostak Shostak & O'Hara (S. Richard Shostak* and *Robert Glenn White)* for the plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice *(Susan Handler-Menahem)* for the defendant.

AQUILINO *Judge:* This action was commenced on February 23, 1983, which was the 180th or last day to do so in accordance with 28 U.S.C. § 2636(a). On that date, the plaintiff placed a check in the amount of the disputed duties in the mail, addressed to the Customs Service, which received the money some time later.

The defendant has moved to dismiss this action on the ground of lack of jurisdiction in that plaintiff's payment was not in conformity with 28 U.S.C. § 2637(a), which provides that an action such as this may be commenced "only if all liquidated duties, charges, or exactions have been paid at the time" of commencement.

The issue raised by the motion is thus the same as that raised in *Nature's Farm Products, Inc.* v. *United States,* 10 CIT 676, Slip Op. 86–108 (Oct. 22, 1986), *notice of appeal filed* Dec. 8, 1986, wherein this court concluded that mailing duties on the last day, with resultant late receipt of them by Customs, does not satisfy the foregoing condition of 28 U.S.C. § 2637(a). Judgement was therefore entered, dismissing that action, and the court concludes that its reasoning applies equally to this action and entitles the defendant to grant of the same relief.